UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA JONES, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff(s),<br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>　　　　　　　　　　Defendant(s). | Case No.: 2:25-cv-1613<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, PLAINTIFF JONES AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant MARRIOTT INTERNATIONAL, INC. ("Marriott"), hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b), and 1446, and removes the above-entitled action to this Court from the Superior Court of Washington for the County of King. In support thereof, Marriott asserts the following:

DEFENDANT'S NOTICE
OF REMOVAL OF ACTION
TO FEDERAL COURT - 1

BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza, 600 West Broadway, Suite 1100
San Diego, CA  92101
(619) 239-8700

## I. PROCEDURAL BACKGROUND.

On July 18, 2025, Plaintiff Linda Jones ("Plaintiff") filed a civil putative class action complaint (the "Complaint") against Marriott in the Superior Court of the State of Washington for the County of King entitled *Linda Jones v. Marriott International, Inc. et al*, Case No. 25-2-20960-1 SEA. In the Complaint, Plaintiff seeks to represent a class of "All current and former employees of Marriott International, Inc. who worked in Washington and earned less than twice the applicable state minimum hourly wage from July 18, 2022, through the date of certification of the Class." (Complaint, ¶ 29.)

The Complaint sets forth the following cause of action: Violation of Washington's Noncompetition Law, ch. 49.62 RCW.

Plaintiff served the Complaint on Marriott on July 24, 2025. See Declaration of Murtagh ("Murtagh Decl.") at Ex. A. ("Complaint").

Defendant has not filed or received any other pleadings or papers, other than the pleadings described as Exhibits A-F in this action, prior to filing this Notice of Removal. Id. at ¶¶ 2-8.

No further proceedings have been made in the State Court Action as of the date of this Notice. Id. at ¶ 9.

## II. REMOVAL IS TIMELY.

This Notice of Removal has been filed within thirty (30) days after Marriott was served a copy of Plaintiff's Summons and Complaint upon which this action is based. This Notice of Removal is therefore filed within the period provided by 28 U.S.C. § 1446(b).

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Superior Court. Therefore, all

DEFENDANT'S NOTICE
OF REMOVAL OF ACTION
TO FEDERAL COURT - 2

BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza, 600 West Broadway, Suite 1100
San Diego, CA  92101
(619) 239-8700

procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

Pursuant to Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, and where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(5).

As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332(d), in that it is a civil action filed as a class action involving more than 100 members, and based on the allegations in the Complaint the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, based on Plaintiff's own itemization of penalties, and Plaintiff is a citizen of a state different from Marriott. Furthermore, Marriott is not a State, State official, or other governmental entity.

**A. The Putative Class Has More Than 100 Members.**

CAFA provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

Here, Plaintiff alleges a class of "All current and former employees of Marriott International, Inc. who worked in Washington and earned less than twice the applicable state minimum hourly wage from July 18, 2022, through the date of

DEFENDANT'S NOTICE
OF REMOVAL OF ACTION
TO FEDERAL COURT - 3

BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza, 600 West Broadway, Suite 1100
San Diego, CA  92101
(619) 239-8700

certification of the Class." (Complaint, ¶ 29.)

Plaintiff alleges that the "class is estimated to be greater than forty (40) individuals." (*Id*., ¶ 16.) According to Marriott's business records, at least 2,351 individuals worked in Washington between July 18, 2022, through August 6, 2025, and earned less than twice the applicable state minimum wage. (Declaration of Tiffany Schafer ("Schafer Decl."), ¶ 5). As such, this Court properly has jurisdiction over this matter under CAFA as the number of members in Plaintiff's proposed class is more than 100.

**B. Diversity Of Citizenship Exists.**

CAFA's diversity requirement is satisfied when at least one member of a class of plaintiffs is a citizen of a state in which none of the defendants are citizens, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

"An individual is a citizen of the state in which he is domiciled[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

Here, Plaintiff at the time of filing of the Complaint alleges that she is a resident of the State of Washington and is employed in the State of Washington. (Complaint, ¶ 17.) Therefore, Plaintiff is a citizen of Washington for diversity jurisdiction purposes.

Marriott, as a corporation, is a citizen of any state in which it is incorporated and of the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). With respect to ascertaining a corporation's principal place of business

DEFENDANT'S NOTICE
OF REMOVAL OF ACTION
TO FEDERAL COURT - 4

BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza, 600 West Broadway, Suite 1100
San Diego, CA  92101
(619) 239-8700

for purposes of diversity jurisdiction, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control and coordinate the corporation's activities. *See Id.* The nerve center "will typically be found at a corporation's headquarters." *See Id.*, at 81.

Marriott was incorporated in Delaware and its principal place of business, the majority of its corporate officers, and the majority of its executive and administrative functions are directed, controlled, and coordinated out of Maryland. (Declaration of Andrew Wright ("Wright Decl."), ¶¶ 5-6).

The presence of *Doe* defendants has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

Therefore, for the purpose of determining jurisdiction, Marriott is not, and was not, a citizen of the State of Washington. Rather, it was—and is—a citizen of the States of Delaware and Maryland.

Accordingly, CAFA's minimal diversity requirement is satisfied because Plaintiff is a citizen of a state, *i.e.*, Washington, in which none of the named defendants are citizens. *See* 28 U.S.C. § 1332(d)(2).

**C. The Amount in Controversy Exceeds $5,000,000.**

CAFA authorizes the removal of class action cases in which the amount in controversy for all class members in the aggregate exceeds $5,000,000. 28 U.S.C. Section 1332(d).

A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" within the removing party's notice of removal and is not required to

DEFENDANT'S NOTICE
OF REMOVAL OF ACTION
TO FEDERAL COURT - 5

BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza, 600 West Broadway, Suite 1100
San Diego, CA  92101
(619) 239-8700

1  submit evidence in support of its removal allegations.  *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Without admitting that Plaintiff could recover any damages, Marriott has a good faith belief that the amount in controversy in this action could well exceed $5,000,000, exclusive of interest and costs.

Plaintiff alleges "Plaintiff and each Class member seek $5,000 in statutory damages; they do not seek actual damages beyond the statutory penalty set forth in RCW 49.62.080."

Therefore, based on the assumption that each of the 2,351 putative class members is seeking $5,000, the amount in controversy for this claim is: **$11,755,000 (2,351 x $5,000)**.

In addition to this claim, Plaintiff seeks an award for attorneys' fees and costs.

Accordingly, the following is the minimum amount in controversy based on the allegations alleged: **$11,755,000**.

## IV. THE ONLY NAMED DEFENDANT CONSENTS.

The only named defendant, Marriott International, Inc., consents to the removal of this action to federal court.  (Wright Decl., ¶ #4).

## V. VENUE IS PROPER.

Venue lies in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed in this district and Marriott is subject to specific personal jurisdiction in the Western District of Washington.

WHEREFORE, Defendant Marriott International, Inc., removes the above-entitled action now pending in the Superior Court of the State of Washington in and for the County of King to this Court.

DEFENDANT'S NOTICE
OF REMOVAL OF ACTION
TO FEDERAL COURT - 6

BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza, 600 West Broadway, Suite 1100
San Diego, CA  92101
(619) 239-8700

| | |
|---|---|
| 1  Dated: August 22, 2025 | **BUCHANAN INGERSOLL & ROONEY LLP** |

By:   */s/ Jason E. Murtagh*
      Jason E. Murtagh, WSBA No. 60613
      Christopher M. Cascino, *pro hac vice, forthcoming*
      One America Plaza, 600 West Broadway, Suite 1100, San Diego, CA 92101
      Phone: (619) 239-8700
      Fax: (619) 702- 3898
      Email: jason.murtagh@bipc.com
      Email: christopher.cascino@bipc.com

      *Attorneys for Defendant*
      *MARRIOTT INTERNATIONAL, INC.*

# CERTIFICATE OF SERVICE

I certify that I am a paralegal at the law firm of BUCHANAN INGERSOLL & ROONEY LLP in San Diego, California. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Timothy W. Emery, WSBA No. 34078<br>Patrick B. Reddy, WSBA No. 34092<br>Paul Cipriani, WSBA No. 59991<br>Hannah M. Hamley, WSBA No. 59020<br>EMERY \| REDDY, PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: (206) 442-9106<br>Fax: (206) 441-971<br>Email: emeryt@emeryreddy.com<br>Email: reddyp@emeryreddy.com<br>Email: paul@emeryreddy.com<br>Email: hannah@emeryreddy.com<br><br>*Attorneys for Plaintiff Linda Jones* | ☒ Via US Mail<br><br>☐ Via Messenger<br><br>☒ Via CM/ECF / Email<br><br>☐ Via over-night delivery |

I declare under penalty of perjury under the laws of the United States of American and State of California that the above is true and correct.

Executed on August 22, 2025 at San Diego, California.

_____
Lauren Desloge

DEFENDANT'S NOTICE
OF REMOVAL OF ACTION
TO FEDERAL COURT - 8

BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza, 600 West Broadway, Suite 1100
San Diego, CA 92101
(619) 239-8700