UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA JONES, | CASE NO. C25-1613-KKE |
| Plaintiff(s), | ORDER SETTING CASE SCHEDULE |
| v. | |
| MARRIOTT INTERNATIONAL INC., et al., | |
| Defendant(s). | |

The Court has reviewed the Joint Status Report and Discovery Plan submitted by the parties (Dkt. No. 20). The parties do not request a scheduling conference at this time. *Id.* at 7. The Court sets forth a case schedule through briefing of the class certification motion at this time, and will enter a case schedule setting forth the subsequent deadlines after that motion has been ruled upon.

| Event | Date |
|---|---|
| Deadline for joining additional parties | 12/1/2025 |
| Deadline for affirmative expert disclosures under FRCP 26(a)(2) | 1/5/2026 |
| Deadline for rebuttal expert disclosures under FRCP 26(a)(2) | 2/5/2026 |
| Deadline for pre-class certification discovery | 3/2/2026 |
| Deadline for Plaintiff's motion for class certification | 4/1/2026 |
| Deadline for Defendant's response to plaintiff's class certification motion | 5/1/2026 |

ORDER SETTING CASE SCHEDULE - 1

| | |
|---|---|
| Deadline for Plaintiff's reply in support of its motion for class certification | 5/22/2026 |

All other dates are specified in the Local Civil Rules.  The dates set forth in this order are firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties.  The Court will alter these dates only upon good cause shown.  Failure to complete discovery within the time allowed is not recognized as good cause.  If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov in writing within ten (10) days of the date of this Order and must set forth the exact nature of the conflict.  A failure to do so will be deemed a waiver.  Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

## PROCEDURE FOR DISCOVERY DISPUTES[1]

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible.  If agreement is not possible, prior to the filing of any discovery motions, the Court directs the parties to request a conference with the Court.  *See* Fed. R. Civ. P. 16(b).  The movant must submit a joint statement to the Court briefly identifying the issue(s) in dispute.  The joint statement shall be no more than three pages and shall be filed via CM/ECF.  Thereafter, the movant should contact Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov to schedule a conference.

---

[1] Matters where a party is proceeding *pro se* are exempted from this procedure.  In those cases, parties may file discovery motions directly and note them according to Local Rules W.D. Wash. LCR 7(d).

ORDER SETTING CASE SCHEDULE - 2

## PRIVACY

Pursuant to LCR 5.2(a), parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the Court or used as exhibits in any hearing or at trial, unless otherwise ordered by the Court:

- Dates of Birth − redact to the year of birth, unless deceased.
- Names of Minor Children − redact to the initials, unless deceased or currently over the age of 18.
- Social Security or Taxpayer Identification Numbers − redact in their entirety.
- Financial Accounting Information − redact to the last four digits.
- Passport Numbers and Driver License Numbers − redact in their entirety.

Parties in social security appeals and immigration cases shall comply with LCR 5.2(c).

## COMMUNICATIONS WITH CHAMBERS

Parties should direct initial inquiries to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. Ex parte communications with chambers involving any matter other than checking on a decision on a motion under LCR 7(b)(5) or settlement are strongly discouraged. For any other types of inquiries, all parties must be copied on the email when communicating with the courtroom deputy.

## COURTESY COPIES

Courtesy copies are required for pleadings that in the aggregate (*i.e.*, the brief plus any declarations or exhibits) are longer than 50 pages, trial exhibits, or upon Court request. If a party believes that courtesy copies may be helpful, such as for complex graphs or images best viewed in color, the party may submit a courtesy copy to chambers for the Court's ease of reference. The courtesy copy must be the version of the document with the header generated by CM/ECF, as this header includes important information (*i.e.*, case number, document number, page number, date filed, etc.). Courtesy copies shall be printed double-sided. Courtesy copies should be three-hole

punched, tabbed, and placed in a binder or otherwise bound.

## CROSS-MOTIONS

The Court encourages parties filing cross-motions to agree to an alternate briefing schedule allowing for four briefs (one cross-motion, second cross-motion/opposition, opposition/reply, and reply) rather than a full six briefs (motion, opposition, and reply for each cross-motion). If the parties can reach an agreement on such a schedule and any necessary adjustments to the page/word limits, they shall submit a stipulated motion and proposed order for the Court's approval.

## *IN CAMERA* REVIEW

If the Court orders a party to submit documents for *in camera* review, the party shall send an electronic copy of the documents to Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov. The party shall also deliver a physical copy of the documents to chambers, clearly marked for *in camera* review to avoid inadvertent filing on the docket.

## ORAL ARGUMENTS

The Court will generally grant requests for oral argument and will also generally grant requests for status or scheduling conferences. While the Court prefers to hold arguments in person, particularly on motions, the Court will consider requests for remote hearings. When the Court sets an oral argument on a pending motion, the Court will renote the motion for the day of the argument.

The Court also encourages opportunities for junior attorneys and Rule 9 licensed legal interns to appear and to argue in Court, accompanied and supervised by a more experienced attorney. Requests for leave for Rule 9 interns to argue in Court will be freely granted, and the Court will permit multiple attorneys to argue for one party if this creates an opportunity for junior attorneys to participate.

All requests pertaining to oral argument should be submitted via email to Courtroom

ORDER SETTING CASE SCHEDULE - 4

Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov.

## SCHEDULING

To aid the parties in drafting requests for scheduling continuances, the Court's preferences regarding case scheduling are listed here. Please contact Courtroom Deputy Diyana Staples at Diyana_Staples@wawd.uscourts.gov before requesting a continuance of a trial date to a future date certain, to ensure the Court's availability. Please note the Court requires approximately 120 days between the deadline for filing dispositive motions and the trial date. Stipulated motions proposing a schedule that does not comply with this requirement will be denied.

## SETTLEMENT

If this case settles, counsel shall notify Courtroom Deputy Diyana Staples via email at Diyana_Staples@wawd.uscourts.gov as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the courtroom deputy prompt notice of settlement may be subject to sanctions.

Dated this 29th day of October, 2025.

Kymberly K. Evanson
United States District Judge

ORDER SETTING CASE SCHEDULE - 5