UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA JONES,<br><br>Plaintiff(s),<br>v.<br><br>MARRIOTT INTERNATIONAL INC., et al.,<br><br>Defendant(s). | CASE NO. C25-1613-KKE<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND CLASS ACTION COMPLAINT |

This matter is before the Court on Plaintiff Linda Jones's motion for leave to amend the complaint to add a named plaintiff, as well as additional claims. Dkt. No. 25. Having considered the parties' briefing and the rest of the record, for the reasons below, the Court denies the motion for leave to amend.

## I. BACKGROUND

On July 18, 2025, Jones filed her class action complaint in King County Superior Court, alleging that Defendant Marriott International Inc. ("Marriott") engaged in a "business practice of illegally restricting, restraining, and prohibiting low-wage workers from engaging in lawful professions, trades, and businesses and from accepting or transacting business with customers in violation of Washington's noncompetition law." Dkt. No. 1-1 ¶ 1 (citing WASH. REV. CODE § 49.62). On August 22, 2025, Marriott removed the case to the United States District Court for the

Western District of Washington, and on September 15, 2025, the matter was re-assigned to the undersigned. Dkt. Nos. 1, 13.

On September 16, 2025, the Court ordered the parties to file a Joint Status Report by October 28, 2025 to apprise it of their discovery plan and proposed case schedule. Dkt. No. 16. On October 29, 2025, the Court set the schedule governing this case based on the parties' proposed schedule. Dkt. Nos. 20, 21. According to that schedule, the deadline for joining additional parties was December 1, 2025, the deadline for pre-class certification discovery was March 2, 2026, and the deadline for Jones's motion for class certification was April 1, 2026. Dkt. No. 21. The scheduling order specified that subsequent deadlines would be set after the Court ruled on Jones's class certification motion. *Id.* at 1. On March 23, 2026, Jones moved to amend the complaint to "better articulate her claims" against Marriott and "to include an additional plaintiff and proposed class representative in this action, D'Angelo Fluckes[.]" Dkt. No. 25 at 1. On April 1, 2026, Jones filed her class certification motion, which is based on the proposed first amended complaint ("FAC"). Dkt. No. 27. Though Jones first filed her motion to amend without the requisite redlined version of the proposed FAC attached as an exhibit in violation of the Local Rules, on April 30, 2026, she filed a redlined proposed FAC. Dkt. No. 42; *see* Local Rules W.D. Wash. LCR 15(a).

## II. ANALYSIS

### A. Legal Standards

A party may amend its pleading once as a matter of course, and thereafter "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation

modified), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "The opposing party bears the burden to show why leave to amend should not be granted." *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021).

If a court's scheduling order sets forth a deadline for amending the pleadings, no post-deadline amendment is permitted unless the court first finds good cause to amend the case schedule. *See* Fed. R. Civ. P. 16(b)(4); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). Good cause exists where the moving party is diligent in requesting a modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992).

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion [for leave to amend], the focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end." *Mammoth Recs., Inc.*, 975 F.2d at 609.

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (citation modified). "Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment [is] proper." *Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008).

"To permit a party to disregard a Rule 16 order by an appeal to the standards of Rule 15 would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Eckert Cold Storage, Inc. v. Behl*, 943

F. Supp. 1230, 1233 (E.D. Cal. 1996) (quoting *Mammoth Recs., Inc.*, 975 F.2d at 610–11). A determination of whether good cause exists to modify a case schedule is committed to the broad discretion of the district court. *See C.F. ex rel. Farman v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

**B. Jones Fails to Show Good Cause.**

"Amendments to pleadings involve the applicability of Rules 15 and 16 of the Federal Rules of Civil Procedure and are dependent upon the timing of the amendment request as it relates to the various deadlines established in the pretrial case management order." *Paz v. City of Aberdeen*, No. C13-5104 RJB, 2013 WL 6163016, at *2–3 (W.D. Wash. Nov. 25, 2013). To begin with, both parties seem to agree that Rule 16 (addressing modifications to a case schedule) and Rule 15 (addressing leave to amend pleadings) apply to Jones's motion. *See* Dkt. No. 25 at 3–5; Dkt. No. 32 at 3–4. The case schedule does not set a deadline for amending the pleadings, but does set deadlines as to adding parties, pre-class certification discovery, and the briefing of a class certification motion. Dkt. No. 21. Jones's amendment would require extending the deadline to add parties and to complete pre-class certification discovery, both of which passed before Jones moved to amend. *See id.* "Under these circumstances, where even the *filing* of a motion for leave to amend [will] necessitate[] adjustment of the case schedule," "Rule 16 applies and good cause must be shown to modify the case schedule[] before the Court will consider whether the motion for leave to amend should be granted under Rule 15." *Floyd v. Amazon.com*, C22-1599-KKE, 2024 WL 1998315, at *3 (W.D. Wash. May 6, 2024) (citing *Paz*, 2013 WL 6163016, at *2–3).

Under Rule 16, the schedule may be modified if the party seeking to amend it shows good cause—that is, that the schedule cannot be reasonably met despite the diligence of the party seeking the extension. *Mammoth Recs., Inc.*, 975 F.2d at 609. "The diligence obligation is ongoing," and "[p]arties must 'diligently attempt to adhere to [the scheduling order] throughout the subsequent

course of the litigation." *Morgal*, 284 F.R.D. at 460 (quoting *Trejo v. City of Shafter*, 2011 WL 6130894, at *1 (E.D. Cal. Dec. 8, 2011)).

Here, as Marriott notes, Jones fails to explain why adding a new plaintiff after the deadline was not reasonably foreseeable when the parties filed their Joint Status Report. Dkt. No. 32 at 11. Jones counters that she "does not currently have access to the class list and certainly did not have access to the class list" before the deadline to join additional parties or at the time the parties filed their Joint Status Report. Dkt. No. 34 at 2. But she does not explain why she did not seek to continue the case schedule before all relevant deadlines had passed despite learning of Fluckes's claims before the discovery deadline had elapsed. Jones argues that "[j]udges in this district have concluded that 'waiting less than a month [before moving to amend] is consistent with a finding of good cause.'" Dkt. No. 25 at 4 (citing *Kirby v. McMenamins Inc.*, C22-5168-BHS-MLP, 2023 WL 4623988, at *4 (W.D. Wash. July 19, 2023)). In *Kirby*, however, the court found good cause where, amid *ongoing discovery*, class counsel obtained a class list and learned of an additional named plaintiff. *Kirby*, 2023 WL 4623988, at *4. Here, in contrast, pre-class certification discovery had already closed by the time Jones filed her motion. Jones acknowledges that her first and seemingly only attempt to meet and confer with Marriott took place on March 17, 2026—over three months after the deadline to join additional parties and two weeks after the close of pre-class certification discovery.[1] Dkt. No. 25 at 2; *see also* Dkt. No. 21. Such efforts do not reflect

[1] Marriott further opposes the motion on the ground that at this conference, Jones raised only the issue of adding a plaintiff, not amending the class definition or the factual allegations in the complaint more broadly. Dkt. No. 32 at 3. Thus, according to Marriott, Jones failed to confer on this aspect of the relief sought in her motion. Jones does not address this argument on reply. Marriott also filed a surreply in which it asks the Court to strike section II of Jones's reply in support of her motion for leave to amend, arguing she raised the propriety of expanding the class definition for the first time in her reply and not in her motion as required. Dkt. No. 36 at 2. Given the disposition of this order, the Court need not reach either issue. However, Jones's counsel is advised that the Court expects counsel will follow the local and civil rules regarding the duty to confer and motions practice.

diligence, and thus, the Court finds, in its discretion, that Jones has failed to meet her burden of showing good cause.

**C. Jones Fails to Show Amendment Would be Proper Under Rule 15.**

Even if Jones managed to establish due diligence in attempting to comply with the scheduling order, she must still establish that amendment of the complaint would be proper under Rule 15. *Mammoth Recs., Inc.*, 975 F.2d at 608. A court considers five factors when considering whether to permit an amendment: “bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.” *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all factors receive the same weight, and consideration of prejudice to the opposing party carries the greatest significance in the court’s analysis. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the burden to show why it should not be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

First, Jones has unduly delayed bringing her motion to amend. The current discovery deadline has been set since October 2025, and Jones has been represented by counsel throughout the pendency of this case. Now, after pre-class certification discovery has closed and the deadline to add parties has passed, Jones seeks to amend her complaint to expand the factual and temporal scope of her claims and to add another class representative. “Entering a motion for leave to amend after discovery has been completed” and on the eve of class certification “constitutes undue delay sufficient to deny such a motion.” *Johnson v. Bay Area Rapid Transit Dist.*, C-09-0901 EMC, 2014 WL 2568458, at *3 (N.D. Cal. June 6, 2014), *aff’d sub nom. Grant v. Bay Area Rapid Transit Dist.*, 650 Fed. Appx. 356 (9th Cir. 2016) (quoting *Hemingway v. Vessel Star Savannah*, 200 F.R.D. 572, 575 (E.D. Tex. 2001)); *see also Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (finding no abuse of discretion where trial court denied motion to

amend made "on the eve of the discovery deadline" and granting the motion would have "delay[ed] the proceedings").

As a result of the undue delay, granting the motion to amend would also prejudice Marriott. "Prejudice may effectively be established by demonstrating that a motion to amend was made after … discovery had closed or was about to close." *Paz*, 2013 WL 6163016, at *4; *Lockheed Martin Corp. v. Network Sol'ns, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion for leave to amend filed on the eve of discovery deadline where amendment would have added other causes of action, requiring further discovery and thus prejudicing the defendant). Jones seems to concede that additional discovery would be required if the Court grants her motion, as the proposed amendments expand the class definition to include additional years, add allegations about other Marriott policies, and add a new named plaintiff. Dkt. No. 25 at 5 (indicating "Jones has already offered to extend [the discovery] deadlines to permit Marriott to serve written discovery" related to the proposed amendments). When "additional discovery would have to be undertaken" because the amended pleading contains "different legal theories and require[s] proof of different fact[s]," the opposing party may be prejudiced. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Accordingly, the Court finds Marriott has met its burden to show it will be prejudiced by the amendments.

Finally, Marriott argues that under Washington law, Jones's amendments are futile because they propose a class period that exceeds the applicable limitations period. Dkt. No. 32 at 5 (citing WASH. REV. CODE § 46.16.115). Jones counters that Marriott cites an inapplicable limitations period because the proposed FAC gives rise to "[a]n action upon a contract in writing," and so a longer six-year limitations period applies. Dkt. No. 34 at 3–6 (citing WASH. REV. CODE §

4.16.040). The Court declines to reach the question of which limitations period applies. Here, "there is no need to reach the factor of futility because the finding of both prejudice and undue delay are sufficient to deny the motion to amend the complaint." *Paz*, 2013 WL 6163016, at *5.

**D. The Parties Shall Propose a Briefing Schedule on Jones's Motion for Class Certification.**

Jones briefed her motion for class certification assuming her motion to amend would be granted. Thus, the motion is based on the new allegations in the FAC and includes the additional named plaintiff and expanded class definition. *See* Dkt. No. 27 at 3 (referring to Plaintiffs Jones and Fluckes). Considering the Court's ruling on the motion to amend, the Court expects that Jones will need to update her briefing to reflect the allegations in the original complaint. Accordingly, the parties are ordered to meet and confer and file a Joint Status Report proposing a briefing schedule for a renewed class certification motion.

## III. CONCLUSION

The Court DENIES the motion for leave to amend. Dkt. No. 25. The parties shall file a Joint Status Report as explained in this order no later than August 14, 2026. The Clerk is directed to terminate the motion for class certification (Dkt. No. 27), subject to reactivation by the Court after reviewing the parties' Joint Status Report.

Dated this 29th day of July, 2026.

Kymberly K. Evanson
United States District Judge